Filed 9/24/15  P. v. Castillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>JOEL ROCHA CASTILLO,<br><br>    Defendant and Appellant. | H041791<br>(Monterey County<br>Super. Ct. No. SS120988) |

### STATEMENT OF THE CASE

Defendant Joel Rocha Castillo pleaded no contest to driving with a blood alcohol content of .08 percent or more and causing bodily injury (Veh. Code, § 23153, subd. (b)). He admitted that he personally inflicted great bodily injury in the commission of the offense (Pen. Code, § 12022.7, subd. (a)).

The trial court sentenced defendant to five years in prison.  The trial court ordered defendant to pay fines, fees, and penalty assessments totaling $2,104.

Defendant now appeals from the judgment of conviction.  On appeal, defendant contends that we must reduce penalties assessed pursuant to Government Code sections 76104.7 and 70372.  Defendant also contends that we must strike a fee imposed pursuant to Penal Code section 1205.  As set forth below, we will modify the judgment in the manner requested by defendant.

## BACKGROUND[1]

At the sentencing hearing, the trial court stated that it was imposing a total "fine" of $2,104. In determining the sum, the trial court adopted the recommendation made in the supplemental probation report. The trial court explained that it "looked at the supplemental report" and was "going to go with the 2104 fine . . . as outlined in the supplemental report."

The supplemental probation report included a section regarding fines, fees, and penalty assessments. That section of the supplemental probation report recommended that defendant "[p]ay a fine of $390.00 plus penalty assessments, restitution fine and administrative fees for a total of $2,104.00." The supplemental probation report provided the following calculation for the penalty assessments, restitution fine, and administrative fees: "Penalty assessments total $1,209.00 and include: (1) $390.00 per PC 1464(a)(1); (2) $273.00 per GC 76000(a)(1); (3) $78.00 per PC 1465.7; (4) $195.00 per GC 70372); (5) $78.00 per GC 76000.5; (6) $39.00 per GC 76104.6(a)(1)); and (7) $156.00 per GC 76104.7). Additional fees total $125.00 and include: (1) $25.00 per VC 23645(a); and (2) $100.00 per VC 23649(a). Administrative fees total $80.00 and include ($25.00 per PC1463.07; and (2) $55.00 per PC 1205(d). Restitution fine is $300.00 per PC 1202.4(b)."

## DISCUSSION

Defendant contends that the penalty assessed pursuant to Government Code section 76104.7 violated ex post facto principles and must be reduced from $156 to $117. He contends that the penalty assessed pursuant to Government Code section 70372 was calculated at an incorrect percentage rate and must be reduced from $195 to $117. The Attorney General concedes that those penalties must be reduced in the manner

---

[1] The facts underlying defendant's conviction are irrelevant to the issues presented on appeal. We therefore will not summarize those facts.

2

propounded by defendant. We accept the concession. We reduce the Government Code section 76104.7 penalty to $117, and we reduce the Government Code section 70372 penalty to $117.

Defendant also argues that we must strike the $55 fee that the supplemental probation report describes as imposed "per PC 1205(d)." We agree. Penal Code section 1205, subdivision (d) does not authorize imposition of a fee. Rather, that subdivision states: "Nothing in this section shall be construed to prohibit the clerk of the court, or the judge if there is no clerk, from turning these accounts over to another county department or a collecting agency for processing and collection." (Pen. Code, § 1205, subd. (d).) Because Penal Code section 1205, subdivision (d) does not authorize imposition of any sort of fee, the trial court had no authority to impose a $55 fee pursuant to Penal Code section 1205, subdivision (d). We therefore must strike the $55 fee.

The Attorney General asserts that the $55 fee was actually imposed pursuant to Penal Code section 1205, subdivision (e) and should be reduced to $30 in accordance with that subdivision. This argument is meritless. The trial court never stated that it was imposing the $55 fee pursuant to Penal Code section 1205, subdivision (e), and nothing in the record shows that the trial court imposed the $55 fee pursuant to Penal Code section 1205, subdivision (e). Moreover, although Penal Code section 1205, subdivision (e) does authorize imposition of a processing fee, the language of that subdivision specifies that "the fee shall not exceed thirty dollars." (Pen. Code, § 1205, subd. (e).) Given that Penal Code section 1205, subdivision (e) authorizes only a $30 fee, it is highly speculative to assume that the $55 fee here was actually imposed pursuant to that subdivision. We decline the Attorney General's request to reduce the $55 fee to $30.

## DISPOSITION

The judgment is modified in the following respects: 1) the $55 fee imposed pursuant to Penal Code section 1205, subdivision (d) is stricken; 2) the penalty assessed

pursuant to Government Code section 76104.7 is reduced from $156 to $117; and 3) the penalty assessed pursuant to Government Code section 70372 is reduced from $195 to $117. The trial court is directed to prepare an amended abstract of judgment and forward a copy of the amended abstract to the Department of Corrections. As modified, the judgment is affirmed.

 

                         _____
                                        RUSHING, P.J.

WE CONCUR:

_____
      ELIA, J.

_____
      WALSH, J.[*]

*People v. Castillo*
**H041791**

---

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.